IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ELLEY A. LOPREATO, APRN, RN ) | |
| ) | |
| and ) | |
| ) | CIVIL DIVISION |
| SUSAN M. TAYLOR, RN ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No:_____ |
| ) | |
| SELECT SPECIALTY HOSPITAL- ) | |
| NORTHERN KENTUCKY, LLC ) | |
| d/b/a SELECT SPECIALTY HOSPITAL ) | |
| ) | **VERIFIED COMPLAINT** |
| and ) | **JURY TRIAL DEMAND** |
| ) | |
| SELECT MEDICAL CORPORATION ) | Electronically Filed |
| ) | |
| Defendants ) | |

### V E R I F I E D   C O M P L A I N T

Come the Plaintiffs, Elley A. Lopreato, APRN, RN and Susan M. Taylor, RN, by counsel, and for their causes of action against the Defendants, Select Specialty Hospital-Northern Kentucky, LLC d/b/a Select Specialty Hospital and Select Medical Corporation state as follows:

### NATURE OF THE ACTION

This is an action for discrimination based on disability in violation of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. 12101 *et seq.*

### JURISDICTION AND VENUE

1.  Plaintiffs assert that the United States District Court for the Eastern District of Kentucky is the Court of proper jurisdiction and venue pursuant to 28 U.S.C. § 1331,

42 U.S.C. § 12117, and 42 U.S.C. § 2000e-5(f)(3). The unlawful acts and employment practices complained of herein occurred in Campbell County, KY **(Covington Docket)**.

2. All conditions precedent to the institution of this action have been fulfilled.

## PARTIES

3. Plaintiff, Elley A. Lopreato, APRN, RN ("Mrs. Lopreato"), is an individual and is and was at all times relevant hereto a resident of Boone County, Kentucky.

4. Plaintiff, Susan M. Taylor, RN ("Mrs. Taylor"), is an individual and is a resident of Kenton County, Kentucky. At other times relevant hereto, Mrs. Taylor was a resident of Campbell County, Kentucky.

5. Defendant, Select Specialty Hospital-Northern Kentucky, LLC d/b/a Select Specialty Hospital ("Select Specialty Hospital") is a Delaware, For Profit Limited Liability Company with a principal office address of 4716 Old Gettysburg Rd., Mechanicsburg, PA 17055 and with a place of business at 85 North Grand Ave., Ft. Thomas, (Campbell County) Kentucky 41075.

6. Select Specialty Hospital is doing business in Campbell County, Kentucky and is a Covered Entity within the meaning of the ADA; Select Specialty Hospital is a wholly owned subsidiary of the Defendant, Select Medical Corporation; is formerly known as Select Specialty Hospital-Louisville, Inc.; and is used by Select Medical Corporation to operate the licensure and bed allocation once operated by Cardinal Hill Specialty Hospital further described herein.

7. Select Specialty Hospital's agents and personnel committed discriminatory and/or tortious acts upon Plaintiffs while performing duties for Select Specialty Hospital,

2

which were within the course/scope of their jobs.

8.     Defendant, Select Medical Corporation ("Select Medical") is a Delaware Corporation with a principal office address of 4714 Gettysburg Rd., Mechanicsburg, PA 17055 and with a place of business at 85 North Grand Ave., Ft. Thomas, (Campbell County) Kentucky 41075.

9.     Select Medical is doing business in Campbell County, Kentucky and is a Covered Entity within the meaning of the ADA; Select Medical personnel responded to the EEOC pursuant to the EEOC Charges filed by the Plaintiffs further described herein.

10.    As further described herein, Select Medical personnel participated in the transitioning of Cardinal Hill Specialty Hospital's LTAC to its own future operations during the period between August 2011 to January 2012; Select Medical's agents and personnel committed discriminatory and/or tortious acts upon Plaintiffs while performing duties for Select Medical, which were within the course/scope of their jobs.

11.    Together, Defendants Select Specialty Hospital and Select Medical comprise and constitute an "Integrated Enterprise" or a "Single Employer," and, upon information and belief, have more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

12.    While Select Medical is not specifically named in the U.S. Equal Employment Opportunity Commission ("EEOC") "Charge Documents" further described and attached herein, exceptions to the general rule regarding such naming are applicable in this case providing for the proper institution of this action against Select Medical including but not limited to the "Similarity of Interest," "Substantial Identity,"

"Integrated Enterprise," and/or "Single Employer" exceptions/doctrines.

## OPERATIVE FACTS

13. Mrs. Lopreato was licensed by the Kentucky Board of Nursing as a Registered Nurse ("RN") in June of 1999. Mrs. Lopreato was licensed by the Kentucky Board of Nursing as an Advanced Practice Registered Nurse ("APRN") in June of 2009. These licensures are in good standing and Mrs. Lopreato was, at the time of the adverse employment decision complained of herein, a Kentucky licensed APRN and RN with the full privileges of practice under said authority.

14. Mrs. Taylor was licensed by the Kentucky Board of Nursing as a Registered Nurse ("RN") in March of 1993. This licensure is in good standing and Mrs. Taylor was, at the time of the adverse employment action complained of herein, a Kentucky licensed RN with the full privileges of practice under said authority.

15. On or about July 16, 2007, Mrs. Lopreato was admitted into the Kentucky Alternative Recovery Effort for Nurses Program ("KARE Program" or the "Program") developed and implemented by the Kentucky Board of Nursing. Mrs. Lopreato is, was, and admitted to being a chemically dependent individual.

16. On or about July 17, 2007, Mrs. Taylor was admitted into the Kentucky Alternative Recovery Effort for Nurses Program ("KARE Program" or the "Program") developed and implemented by the Kentucky Board of Nursing. Mrs. Taylor is, was, and admitted to being a chemically dependent individual.

17. The purpose of the KARE Program is to identify nurses whose abilities to provide nursing care are compromised by dependency on drugs or alcohol, and to assist

such nurses so that they can return to competent and safe practice. The KARE Program is a non-disciplinary, therapeutic monitoring program that offers an opportunity for education, treatment, and recovery for the chemically dependent nurse.

18. Participants in the KARE Program must meet program eligibility criteria and voluntarily enter into an agreement, which mandates compliance with multiple evaluation, treatment, and drug testing requirements. In order to complete or graduate from the KARE Program, participants must comply with the terms and conditions of the Program for a period of not less than five (5) years.

19. In August of 2011, Mrs. Lopreato and Mrs. Taylor were then employed as Registered Nurses with Cardinal Hill Specialty Hospital located at 85 North Grand Ave., Ft. Thomas (Campbell County), Kentucky 41075, and at that time were in, but had not completed their individual KARE Programs; to the extent necessary, Cardinal Hill had accommodated their respective Disabilities.

20. In August of 2011, Cardinal Hill Specialty Hospital ("Cardinal Hill") announced it was closing its facility in Ft. Thomas, Kentucky. As a result of the impending closure, Cardinal Hill began reducing employees. Mrs. Lopreato and Mrs. Taylor were specifically selected by the Clinical Director, Theresa Schneider-Eubank, to remain employed by Cardinal Hill during this time of employee reduction and winding down given their outstanding prior work history with the company.

21. Not long after Cardinal Hill announced its decision to cease operations, it became known that Defendants, Select Medical through Select Specialty Hospital, would operate a hospital (an LTAC: Long Term Acute Care Hospital) out of the facility

occupied by Cardinal Hill at 85 North Grand Ave. in the near future.

22. Representatives of the Defendants were on site during the months following Cardinal Hill's announcement of closure.

23. Along about November or the first part of December of 2011, Mrs. Lopreato and Mrs. Taylor were each provided with an "Application for Employment" with Defendants.

24. Mrs. Lopreato completed and returned her Application for Employment to Defendants (Exhibit 1). Mrs. Lopreato stated in her Application that her license had "no current restrictions."

25. Mrs. Taylor completed and returned her Application for Employment to Defendants (Exhibit 2). Mrs. Taylor stated in her Application that her license was "not currently on any restrictions."

26. Upon information and belief, Cardinal Hill Clinical Director Theresa Schneider-Eubank, at the request of Select Medical human resources personnel, was asked to select the best nurses for subsequent employment with Defendants whereupon she recommended Mrs. Lopreato and Mrs. Taylor based on the Plaintiffs' outstanding work history with Cardinal Hill and Ms. Schneider-Eubank's professional knowledge of, and involvement with, the Plaintiffs as employee RNs with Cardinal Hill.

27. Upon information and belief, Defendants' personnel advised the Cardinal Hill personnel so selected by Mrs. Schneider-Eubank, including Mrs. Lopreato and Mrs. Taylor, that they would be retained by Select Medical through Select Specialty Hospital such that their seniority and benefits would be maintained and continued.

28. On or about December 6, 2011, Mrs. Lopreato interviewed for a RN position with Defendants. Upon information and belief, said interview was conducted by the Defendants' Regional Human Resources Director, Ms. Tammy Sparks at 85 North Grand Ave., Ft. Thomas, (Campbell County) Kentucky 41075.

29. During the December 6th interview, Defendants' human resources representative questioned Mrs. Lopreato about, and otherwise became aware of details surrounding, Mrs. Lopreato's chemical dependency, and/or record of chemical dependency; that Mrs. Lopreato was in recovery and was in compliance with her treatment (abstinent); and that Mrs. Lopreato was, at that time, in the KARE Program – a supervised rehabilitation program for chemically dependent nurses.

30. Mrs. Lopreato was not contacted further about the RN position for which she interviewed and was not retained, or was terminated, by Defendants.

31. Upon information and belief, the RN position for which Mrs. Lopreato interviewed for, or occupied at the time, with Defendants remained open and/or was filled by a non-disabled person as so defined in the ADA.

32. On or about December 8, 2011, Mrs. Taylor interviewed for a RN position with Defendants. Upon information and belief, said interview was conducted by the Defendants' Regional Human Resources Director, Ms. Tammy Sparks at 85 North Grand Ave., Ft. Thomas, (Campbell County) Kentucky 41075.

33. During the December 8th interview, Defendants' human resources representative questioned Mrs. Taylor about, and otherwise became aware of details surrounding, Mrs. Taylor's chemical dependency, and/or record of chemical dependency;

7

that Mrs. Taylor was in recovery and was in compliance with her treatment (abstinent); and that Mrs. Taylor was, at that time, in the KARE Program – a supervised rehabilitation program for chemically dependent nurses.

34. Mrs. Taylor was not contacted further about the RN position for which she interviewed and was not retained, or was terminated, by Defendants.

35. Upon information and belief, the RN position for which Mrs. Taylor interviewed for, or occupied at the time, with Defendants remained open and/or was filled by a non-disabled person as defined in the ADA.

36. Upon information and belief, Defendants' representative Ms. Pat Alexander spoke with Cardinal Hill Clinical Director Theresa Schneider-Eubank after the Plaintiffs' interviews referenced above and inquired further about the Plaintiffs' involvement in the KARE Program and/or the Plaintiffs' chemical dependency, or record of chemical dependency, and asked if Plaintiffs were in the KARE Program for drugs, or for alcohol.

37. Upon information and belief, Ms. Pat Alexander, an employee of Select Medical, told Ms. Schneider-Eubank that Mrs. Lopreato and Mrs. Taylor would not be hired and/or retained, stating in substance the reason for this decision was the Plaintiffs were chemically dependent individuals, or had a record/history of chemical dependency.

38. Upon information and belief, Mrs. Schneider-Eubank told Ms. Alexander she would advocate for the Plaintiffs to Defendants' personnel and believed there was a Vice President of the Defendants on-site who was making a policy decision; Ms. Alexander returned and informed Mrs. Schneider-Eubank that the decision/policy stood to the effect neither Mrs. Lopreato or Mrs. Taylor would be hired, or kept on/retained.

8

39. Upon information and belief, Ms. Pat Alexander told Ms. Schneider-Eubank that Defendants would not hire and/or retain Mrs. Lopreato and Mrs. Taylor because Defendants in practice would not hire or retain "people in recovery" suggesting that they "had been burned too many times" and otherwise had bad experiences in the past by employing "people like them."

40. Upon information and belief, thirteen (13) similarly situated employees were to be offered employment, or to be retained as employees by/with Defendants; ultimately, eleven (11) were offered employment/continued employment; the only two (2) in the KARE Program, Mrs. Lopreato and Mrs. Taylor, were not employed/retained.

41. Mrs. Lopreato's and Mrs. Taylor's last day of employment with Cardinal Hill was on or about January 13, 2012.

42. On or about January 16, 2012, Defendants began operating a hospital at Cardinal Hill's former location: 85 North Grand Ave., Ft. Thomas, Kentucky 41075.

43. On or about January 27, 2012, Mrs. Lopreato, *pro se*, filed a Charge of Disability Discrimination with the EEOC, a copy is attached hereto as <u>Exhibit 3</u>.

44. On or about February 1, 2012, Mrs. Taylor, *pro se*, filed a Charge of Disability Discrimination with the EEOC, a copy is attached hereto as <u>Exhibit 4</u>.

45. By letter dated July 16, 2012 (<u>Exhibit 5</u>), the Kentucky Board of Nursing informed Mrs. Lopreato that she had successfully completed the KARE Program and further provided: "Your diligence in providing the KARE for Nurses Program all documents, reports and information as required by the Program in a timely manner reflects that you have been an exemplary KARE for Nurses Program Participant."

9

46. By letter dated July 17, 2012 (<u>Exhibit 6</u>), the Kentucky Board of Nursing informed Mrs. Taylor that she had successfully completed the KARE Program and further provided: "Your diligence in providing the KARE for Nurses Program all documents, reports and information as required by the Program in a timely manner reflects that you have been an exemplary KARE for Nurses Program Participant."

47. On or about July 31, 2012, the EEOC issued a "notice of rights" and "right to sue letter" to Mrs. Lopreato, which is attached hereto and incorporated by reference herein as <u>Exhibit 7</u>. Said EEOC notice of rights is stamped "date mailed" on July 31, 2012 and was received by Mrs. Lopreato on August 1, 2012.

48. On or about July 31, 2012, the EEOC issued a "notice of rights" and "right to sue letter" to Mrs. Taylor, which is attached hereto and incorporated by reference hereto as <u>Exhibit 8</u>. Said EEOC notice of rights is stamped "date mailed" on July 31, 2012 and was received by Mrs. Taylor on August 1, 2012.

49. Mrs. Lopreato and Mrs. Taylor have diligently sought out and otherwise applied for comparable employment opportunities to the RN position they each held and/or otherwise applied for with Defendants.

50. Both Mrs. Lopreato and Mrs. Taylor have yet to secure comparable employment (including but not limited to position, pay, seniority, and benefits) to that of the position described herein with Defendants.

**COUNT I: UNLAWFUL EMPLOYMENT PRACTICE OF DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE ADA**

51. Plaintiffs hereby adopt and incorporate by reference Paragraphs 1 through

50 as if fully set forth herein.

52. The above stated facts, employment practices, and disability discrimination by Defendants, its agents, and employees violates the ADA, 42 U.S.C. 12101 *et seq*.

53. At all times relevant hereto, the Defendants constituted an "Employer" and a "Covered Entity" under the ADA, or were otherwise "Employers" and "Covered Entities" within the meaning of the ADA.

54. At all times relevant hereto, Mrs. Lopreato and Mrs. Taylor were individuals with a "Disability" within the meaning of the ADA in that they each have a chemical dependency constituting a physical and/or mental impairment that substantially limits one or more major life activities including but not limited to learning, concentrating, thinking, communicating, and/or working; and/or each had a record of chemical dependency constituting a physical or mental impairment that substantially limited one or more major life activities including but not limited to learning, concentrating, thinking, communicating, and/or working; and/or were each regarded as having such a chemical dependency disability as described above by Defendants.

55. At all times relevant hereto, Mrs. Lopreato and Mrs. Taylor were "Qualified Individuals" within the meaning of the ADA in that they possessed the requisite skill and experience and were able to perform the essential job functions of the relevant RN positions described herein, with or without reasonable accommodation.

56. As stated, Plaintiffs were otherwise qualified to be employed as RNs and received positive employment evaluations as employee RNs with Cardinal Hill including but not limited to being selected to stay on as employees during a workforce reduction

11

and being recommended for employment, or continued employment, with Defendants.

57. As previously provided, at the time of the adverse employment action described herein, Defendants had actual or constructive knowledge of the Plaintiffs' Disability within the meaning of the ADA; that they were each in recovery and compliant with treatment (abstinent) and were in the KARE Program; and/or the Plaintiffs had a record of such Disability; and/or the Defendants considered the Plaintiffs to be Disabled.

58. Mrs. Lopreato suffered an adverse and unlawful employment practice and was discriminated against in violation of the ADA wherein the Defendants failed or refused to hire her, or terminated her employment, because of her Disability, record of a Disability, and/or because Defendants perceived her to be Disabled.

59. Mrs. Taylor suffered an adverse and unlawful employment practice and was discriminated against in violation of the ADA wherein the Defendants failed or refused to hire her, or terminated her employment, because of her Disability, record of a Disability, and/or because Defendants perceived her to be Disabled.

60. Because of, and as a consequence and direct and proximate result of, the Defendants' unlawful, discriminatory conduct, and intentional violations of the ADA, the Plaintiffs, Mrs. Lopreato and Mrs. Taylor, each have suffered a loss of employment, earnings, and other employment benefits including but not limited to fringe benefits and the opportunity for retirement investing, which losses are continuing now and into the future; past and future pecuniary losses; and past and future non-pecuniary losses including but not limited to emotional pain and suffering, inconvenience, mental anguish, personal indignity and loss of self-esteem, loss of civil rights, injury to professional

standing, injury to character and reputation, injury to credit standing, and loss of enjoyment of life; all in amounts subject to proof and to be determined at trial; pleading further, the Plaintiffs assert they are entitled to any remedies pursuant to the Kentucky Civil Rights Act, KRS 344.010 et seq., where said remedies are equal to or greater than the remedies provided under the ADA.

## COUNT II: PUNITIVE DAMAGES

61. Plaintiffs hereby adopt and incorporate by reference Paragraphs 1 through 60 as if fully set forth herein.

62. Defendants unlawful conduct was intentional discrimination with malice or reckless indifference to the federally protected rights of the aggrieved Plaintiffs and was otherwise in knowing and/or reckless disregard of the proscriptions against discrimination based on disability set forth in the ADA.

63. The Defendants pervasive, persistent, and systemic conduct justifies an award of punitive damages in an amount subject to proof and to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs, Elley Lopreato, APRN, RN and Susan Taylor, RN individually request that this Court enter judgment in favor of the Plaintiffs – Mrs. Lopreato and Mrs. Taylor individually and separately – and against the Defendants, Select Specialty Hospital and Select Medical, and that this Court:

A. Declare the Defendants conduct to be in violation of the ADA and to cause said Defendants to cease and desist from all discriminatory practices and policies, written and unwritten, and to cause said Defendants to cease and desist from the

unlawful, intentional discrimination of all employees and potential employees with chemical dependency Disabilities, and to institute formal policies to prevent such discrimination from repeating in the future;

B. Award back pay and benefits including but not limited to fringe benefits with the opportunity for retirement investing with interest subject to proof;

C. Award front pay including an amount for benefits including but not limited to fringe benefits with the opportunity for retirement investing with interest subject to proof;

D. Award past pecuniary damages subject to proof;

E. Award compensatory and punitive damages as described herein subject to proof;

F. Award Attorneys Fees, Litigation Expenses, and Costs in accordance with 42 U.S.C. § 12205, equity, and otherwise;

G. Conduct a Trial by Jury on all issues so triable; and

H. Award any and all other relief, including equitable remedies, as it appears Plaintiffs may be entitled.

                Respectfully Submitted,

                /s/ J. Fox DeMoisey
                J. FOX DeMOISEY
                DeMoisey Law Office, PLLC
                905 Baxter Avenue
                Louisville, Kentucky 40204
                Ph: (502) 585-5500   Fax: (502) 585-1386
                Fox@DeMoiseyLaw.com
                *Counsel for Plaintiffs*